IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RICHARD S.,[1] ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 7:19-cv-00803 |
| ) | |
| KILOLO KIJAKAZI, Acting ) | By: Elizabeth K. Dillon |
| Commissioner, Social Security ) | United States District Judge |
| Administration,[2] ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Richard S. brought this action for review of the final decision made by defendant, Commissioner of the Social Security Administration, denying his application for disability insurance benefits under the Social Security Act. (Complaint, Dkt. No. 2.) Both parties moved for summary judgment (Dkt. Nos. 10, 12), and pursuant to 28 U.S.C. § 636(b)(1)(B), the court referred the motions to U.S. Magistrate Judge Robert S. Ballou for a report and recommendation (R&R). On February 24, 2021, the magistrate judge issued his R&R, finding that substantial evidence supported the Commissioner's decision. (R&R, Dkt. No. 16.) Richard S. filed objections on March 10, 2021 (Dkt. No. 17), and the Commissioner filed a response to the objections (Dkt. No. 18).

After de novo review of the pertinent portions of the record, the report, and the filings by the parties, in conjunction with the applicable law, the court agrees with the magistrate judge's

---

[1] Due to privacy concerns, the court is adopting the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States that courts only use the first name and last initial of the claimant in social security opinions.

[2] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, she is, therefore, automatically substituted for Andrew Saul as the proper defendant.

recommendation. Accordingly, the court will grant the Commissioner's motion for summary judgment, deny plaintiff's motion for summary judgment, and affirm the Commissioner's decision.

## I. BACKGROUND

The court adopts the recitation of facts and procedural background as set forth in the report. (R&R 2–7.) Briefly, the Administrative Law Judge (ALJ) found that plaintiff suffered from the severe impairments of right eye vision loss, history of hallux valgus surgery, and right leg deep vein thrombosis (DVT). After finding that plaintiff's impairments did not meet or equal any listed impairments, the ALJ reasoned that plaintiff retained the residual functional capacity (RFC) to perform a limited range of light work. (Tr. 22.) The ALJ determined that plaintiff cannot operate foot controls with the right leg, be exposed to hazards or unprotected heights, or perform work requiring depth perception. He can only occasionally climb, and the work must allow for at least two hours of sitting. Plaintiff can read and understand basic words and instructions. Thus, the ALJ concluded that plaintiff is not disabled because he can perform jobs that exist in significant numbers in the national economy, such as cashier, assembler, and ticket taker.

## II. DISCUSSION

### A. Standard of Review

This court's review of the ALJ's underlying decision is limited. *See Gregory H. v. Saul*, Civil Action No. 7:18-cv-00342, 2019 WL 4280334, at *1 (W.D. Va. Sept. 10, 2019). Specifically, "[a] district court's primary function in reviewing an administrative finding of no disability is to determine whether the ALJ's decision was supported by substantial evidence." *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence does not require a

"large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 564–65 (1988); rather, it requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). This is "more than a mere scintilla of evidence [and] somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

Where, as here, a matter has been referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1), this court reviews de novo the portions of the report to which a timely objection has been made. Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *United States v. Raddatz*, 447 U.S. 667, 673–74 (1980) (finding that de novo review of the magistrate's report and recommendation comports with due process requirements).

For an objection to trigger de novo review, it must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). Further, objections must respond to a specific error in the report and recommendation. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). General or conclusory objections, therefore, are not proper; they are in fact considered the equivalent of a waiver. *Id.* Likewise, an objection that merely repeats the arguments made in the briefs before the magistrate judge is a general objection and is treated as a failure to object. *Moon v. BWX Techs*, 742 F. Supp. 2d 827, 829 (W.D. Va. 2010). As other courts have recognized in the social security context, "[t]he Court may reject perfunctory or rehashed objections to R&Rs that amount to a second opportunity to present the arguments already considered by the Magistrate Judge." *Heffner v. Berryhill*, No. 2:16-cv-820, 2017 WL 3887155, at *3 (D.S.C. Sept. 6, 2017) (quoting *Felton v. Colvin*, No. 2:12-cv-558, 2014 WL 315773, at *7

(E.D. Va. Jan. 28, 2014)). Because "the purpose of magistrate review is to conserve judicial resources," a "mere restatement of the arguments raised in the summary judgment filings does not constitute an 'objection' for the purposes of district court review." *Nichols v. Comm'r of Soc. Sec.*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015); *see also Hammack v. Berryhill*, Civil Action No. 7:16cv00314, 2017 WL 4203545, at *2 (W.D. Va. Sept. 21, 2017) ("A plaintiff who reiterates her previously raised arguments will not be given 'the second bite at the apple she seeks'; instead, her re-filed brief will be treated as a general objection, which as the same effect as would a failure to object.") (quoting *Veney v. Astrue*, 539 F. Supp. 2d 841, 846 (W.D. Va. 2008)).

**B. Richard S.'s Objections to the R&R**

In his summary judgment brief, Richard S. argued that the ALJ's RFC findings and assessment of his allegations are not supported by substantial evidence. Plaintiff also argued that the ALJ incorrectly addressed his substance abuse disorder. (*See* Pl.'s Mem. in Supp. of Mot. for Summ. J. 14–25, Dkt. No. 11.) In many, if not most respects, plaintiff's objections are a restatement of his summary judgment arguments. It is not necessary for the court to address the exact same arguments raised before and thoroughly addressed by the magistrate judge. The court will, however, address the following objections.

Plaintiff argues that the R&R erred in concluding that the RFC limitation of allowing at least two hours of sitting was sufficiently specific. The court agrees with the R&R that more specificity is not required. The ALJ told the vocational expert at plaintiff's hearing to "follow the traditional definition of light work . . . meaning six hours of standing, two hours of sitting." (Tr. 57.) Thus, the ALJ clearly meant that plaintiff could not stand or walk for more than six

4

hours in an eight-hour workday. Having made this clear to the vocational expert, the expert in turn highlighted jobs that could be performed with this limitation.

Plaintiff also argues that the R&R ignored the ALJ's failure to explain why he did not address the opinion of Dr. Cho regarding plaintiff's inability to engage in activities that require visual acuity. As the R&R explained, the ALJ "clearly considered Dr. Cho's opinion, provided it a specific weight, and included some of the proposed limitations in Richard's RFC." (R&R 11.) As noted above, the RFC eliminates jobs requiring depth perception. The ALJ was aware of and squarely addressed plaintiff's issues with vision.

Finally, plaintiff argues that the ALJ's conclusion that his substance abuse, anxiety, and ADHD are all non-severe impairments is not supported by substantial evidence. Plaintiff cites the two-step process for evaluating substance abuse. 20 C.F.R. § 404.1535(b); SSR 13-2p. First, an ALJ must make a determination as to disability by following the five-step sequential evaluation process, without segregating out any effects that might be due to substance use disorders. *As-Salaam v. Colvin*, 1:15CV630, 2016 WL 6078336, at *4 (M.D.N.C. Oct. 17, 2016). If the ALJ finds the claimant disabled based on symptomology alone, he must then follow the five-step sequential analysis a second time to determine whether the claimant would still be considered disabled if he stopped abusing drugs or alcohol. *Id.* The ALJ found plaintiff not disabled at the first step, so it was not necessary to proceed to the second step. This conclusion was supported by substantial evidence in the record. Similarly, the ALJ's finding that plaintiff's ADHD and anxiety were non-severe is also supported by substantial evidence.

III. CONCLUSION AND ORDER

After a review of plaintiff's objections and the record, the court concludes that the ALJ's decision is supported by substantial evidence and that the ALJ applied the correct legal standards. Accordingly, it is hereby ORDERED as follows:

1. The R&R (Dkt. No. 16) is ADOPTED;

2. Plaintiff's objections (Dkt. No. 17) are OVERRULED;

3. The Commissioner's motion for summary judgment (Dkt. No. 12) is GRANTED;

4. Plaintiff's motion for summary judgment (Dkt. No. 10) is DENIED; and

5. The Commissioner's decision is AFFIRMED.

An appropriate judgment order will be entered.

Entered: August 31, 2021.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge